UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES REMBERT, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>EDWARD HUNTLEY, )<br>M. MILLER, AND )<br>MRS. TOWELL, )<br>)<br>    Defendants. ) | 13-CV-2116 |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Danville Correctional Center, seeks leave to proceed in forma pauperis.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'"  Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

   Plaintiff alleges that he was deprived of his high blood pressure medication for several weeks, causing him to have a heart attack and be taken to the hospital.  These allegations give fair notice of a claim for deliberate indifference to Plaintiff's serious medical needs under the Eighth Amendment.  Plaintiff does not say whether he exhausted his administrative remedies before filing this lawsuit, but lack of exhaustion is an affirmative defense that must be raised by Defendants.

   However, only the individuals personally responsible for depriving Plaintiff of his blood pressure medicine can be sued on this claim.  Defendant Towell was the personal property correctional officer who allegedly took Plaintiff's medicine, so a plausible inference of personal responsibility arises against Towell.  An inference of personal responsibility also arises against Dr. Miller for refusing Plaintiff's requests for the blood pressure medicine, very liberally construing Plaintiff's allegations, for Plaintiff does not say what efforts Plaintiff made to obtain his medicine.

No inference of personal responsibility arises against Defendant Edward Huntley, who Plaintiff alleges is the "CSI person over the Department of Corrections." Even if Huntley were the supervisor of Defendants Dr. Miller and Towell, Huntley cannot be liable for the constitutional violations of Dr. Miller and Towell solely because Huntley supervises them. <u>Kuhn v. Goodlow</u>, 678 F.3d 552. 556 (7th Cir. 2012)("'An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'")(quoted cite omitted); <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for deliberate indifference to Plaintiff's serious medical need for his blood pressure medication against Defendants Dr. Miller and Mrs. Towell. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendant Edward Huntley is dismissed, without prejudice, for failure to state a claim.

**3) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the

Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

  6) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

  7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

  8) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on September 30, 2013, at 9:30 a.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E.

Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO attempt service on Defendants Dr. Miller and Mrs. Towell pursuant to the standard procedures.**

ENTERED:   July 22, 2013
FOR THE COURT:

                              **s/Sue E. Myerscough**
                                SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE